Howard Bacchus TREVOR, Petitioner–Appellee,

v.

Janet RENO, Attorney General of the United States, Doris Meissner, INS Commissioner, Lynn Underdown, INS Louisiana District Director, Immigration and Naturalization Service U.S. Department of Justice, Respondents–Appellants.

No. 01–2104.

United States Court of Appeals, Second Circuit.

Feb. 18, 2004.

Steven J. Kim, Assistant U.S. Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Trevor Howard Bacchus, Pine Prairie, LA, for Appellant, pro se.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's order be VACATED and REMANDED for entry of judgment denying Trevor's habeas petition.

The government appeals from the December 13, 2000 decision of the United States District Court for the Eastern District of New York (Sifton, J.) granting petitioner-appellee Howard Bacchus Trevor's ("Trevor") petition for a writ of habeas corpus. We assume the reader's familiarity with the underlying facts, procedural history, and specification of appellate issues, and hold as follows.

In July 1996, Trevor was convicted following a jury trial of conspiracy to receive and possess stolen goods and receiving and possessing stolen goods. In July 1999, an immigration judge subsequently ordered Trevor removed from the United States as an aggravated felon. In December 2000, the district court granted Trevor's habeas petition, finding that he was not ineligible for a discretionary waiver of removal pursuant to the Immigration and Nationality Act § 212(c).

We hold that the district court's order, which we review *de novo*, was incorrect pursuant to the rule established in *Domond v. I.N.S.*, 244 F.3d 81, 84 (2d Cir. 2001). Trevor is not entitled to Section 212(c) relief because the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which repealed § 212(c) relief for aliens convicted of certain crimes, and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which repealed § 212(c) relief altogether, have a retroactive effect on aliens, like Trevor, who had been convicted *at trial* for aggravated felonies after the effective date of the AEDPA. *See id.* at 86; *see also Rankine v. Reno*, 319 F.3d 93, 101 (2d Cir. 2003) ("Because those aliens who went to trial prior to the elimination of § 212(c) relief cannot show that they altered their conduct in reliance on the availability of such relief, we hold that IIRIRA's repeal of § 212(c) is not impermissibly retroactive as applied to them.").

We therefore VACATE and REMAND.